# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **RAEVON T. PARKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 4:19CV3251 HEA |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| on behalf of the **INTERNAL REVENUE** ) | |
| **SERVICE,** ) | |
| ) | |
| **Defendants** ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7-4.01 of the Court's Local Rules. Plaintiff has responded to the Motion however, the Response only addresses a Motion to Dismiss pursuant to Fed.R.Civ.P. 23(a), which was not the basis for Defendant's Motion.

### Facts and Background

Plaintiff's Amended Complaint, filed *pro se,* states in one page:

Plaintiff states that

he has a claim against the Defendant the Internal Revenue Service in the amount of one trillion dollars.

The claim arose on or about October 10, 2018.

1. The Plaintiff has a claim against the Internal Revenue Service due to the IRS assaulting the Plaintiff which resulted in hospitalization on several occasions.

2. The Internal Revenue Service assaulted the Plaintiff with verbal threats to collect a debt, when the collection agency that works in conjunction with the Internal Revenue Service stated that they don't collect funds from individual who receive disability payments.

3. The Plaintiff is requesting that this complaint be classified as a class action.

4. The Plaintiff is making the request of class action classification because the Plaintiff has a kinsman Isaiah DeJuan Parker is [sic] in similar circumstances as he also receives disability and has debts with the Internal Revenue Service.

Plaintiff seeks one trillion dollars in damages.

## Legal Standard

**Subject Matter Jurisdiction**

The United States moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that this court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity. Sovereign immunity issues concern a court's subject matter jurisdiction, which must be addressed before reaching the merits of a claim. *See FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). This court must accept any

well-pleaded factual allegations concerning subject matter jurisdiction as true, just as a court would under a motion to dismiss for failure to state a claim. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "Absent a waiver, sovereign immunity shields the [f]ederal [g]overnment and its agencies from suit." *Meyer*, 510 U.S. at 475, 114 S.Ct. 996.

"Federal courts generally lack jurisdiction to hear claims against the United States because of sovereign immunity." *Barnes v. United States*, 448 F.3d 1065, 1066 (8th Cir. 2006); *see also United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The court may have subject matter jurisdiction if the plaintiff shows that the United States "has unequivocally waived that immunity." *Barnes*, 448 F.3d at 1066. A waiver of sovereign immunity is strictly and narrowly construed in favor of the United States, and the plaintiff bears the burden of demonstrating the waiver. *See Snider v. United States*, 468 F.3d 500, 509 (8th Cir. 2006) (citing *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996) ); *see also V S Ltd. P'ship v. HUD*, 235 F.3d 1109, 1112 (8th Cir. 2000).

**Failure to State a Claim**

The United States also moves to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. To decide the motion to dismiss under Rule 12(b)(6), the court may consider the complaint, some materials that are part of the public record, and materials embraced by the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Inferences are construed in favor of the non-moving party. *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1129 (8th Cir. 2012) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) ).

## Discussion

Plaintiff's Amended Complaint states that he was "assaulted" by the Internal Revenue Service. The United States argues that this claim should be dismissed

under Federal Rule of Civil Procedure 12(b)(1) because Plaintiff has failed to establish the United States has waived sovereign immunity.

"[T]he United States and its agencies are immune from suit unless sovereign immunity has been waived." *James v. Bleigh Constr. Co.*, No. 2:19-CV-00017 NAB, 2019 WL 6894527, at *2 (E.D. Mo. Dec. 18, 2019) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)). Therefore, "[t]o sue the United States, [the plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citing *Presidential Gardens Assocs. v. United States*, 175 F.3d 132, 139 (2d Cir. 1999)). The burden of proving subject matter jurisdiction is on the plaintiff. *Id.* (citing *Nucor Corp. v. Nebraska Pub. Power Dist.*, 891 F.2d 1343, 1346 (8th Cir. 1989)).

Plaintiff has presented nothing to establish that the United State waived its sovereign immunity with respect to Plaintiff's claims. The Amended Complaint fails to set out any basis upon which he is bringing his claims against the United States, and as such, there is no basis upon which he can establish that the United States has waived sovereign immunity.

## Conclusion

Plaintiff's claim is barred by sovereign immunity because he has failed to set forth anything which could possibly be construed as a waiver of the United States' sovereign immunity.   The Court, therefore, lacks subject matter jurisdiction

Accordingly,

**IT IS HEREBY ORDERED** that the United States' Motion to Dismiss pursuant to Fed.R.Civ. P. 12(b)(1) is granted.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**.

Dated this 16th day of April, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE